**Opinion issued March 11, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00633-CR

———————————

**CARMEN FRANCO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 10**
**Harris County, Texas**
**Trial Court Case No. 5789**

---

## MEMORANDUM OPINION

Appellant, Carmen Franco, appeals from the July 27, 2020 opinion of the County Criminal Court at Law No. 10, dismissing Franco's appeal from a municipal court conviction for a moving violation. We dismiss.

Franco was charged with failure to control speed, to which he pleaded not guilty and proceeded to a jury trial on February 16, 2016. After being found guilty, judgment was entered assessing a $100 fine. Franco filed a motion for new trial which was denied on January 19, 2017 without a hearing. Franco appealed this judgment to the County Criminal Court at Law No. 10 by filing a notice of appeal on January 27, 2017. The county court issued an opinion on July 27, 2020, dismissing the appeal for lack of jurisdiction because the notice of appeal was untimely filed. Franco filed a notice of appeal to this Court on September 3, 2020.

If Franco had filed a motion for new trial, the deadline to file his notice of appeal would have been extended to 90 days from the date judgment was signed. *See* TEX. R. APP. P. 26.2(a)(2). But the record contains no motion for new trial filed in the county court. Accordingly, his notice of appeal was due to be filed within 30 days after the judgment was signed. *See* TEX. R. APP. P. 26.2(a)(1). The time for filing a notice of appeal may be extended if the notice is filed within 15 days after the deadline and a motion for extension of time complying with Rule 10.5(b) is filed. *See* TEX. R. APP. P. 26.3; 10.5(b). Although Franco filed his notice of appeal within the 15-day period after the deadline, he did not file a motion for extension.

The Court of Criminal Appeals has interpreted Rule 26.3 similarly to the Texas Supreme Court in regard to amending a defective notice of appeal, but it has not held that an extension is implied when a notice of appeal is filed within the 15-

day period after it is due. *See Lair v. State*, 321 S.W.2d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *Wells v. State*, No. 01-18-00558-CR, 2018 WL 4167934, at *1 (Tex. App.—Houston [1st Dist.] Aug. 31, 2018, no pet.) (mem. opinion; not designated for publication). Therefore, to extend the time to file the notice of appeal, the appellant must file a motion for extension.

On October 1, 2020, this Court issued a notice that the appeal might be dismissed for lack of jurisdiction and gave appellant ten days to file a response establishing that we had jurisdiction. No response was filed.

Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Landau, and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).